UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SEALED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | *Let this be filed.* |
| v. | : | *Royce C. Lamberth* |
| | : | Criminal No. 05-309 (RCL)  USDJ |
| GRETA FRANK, | : | |
| Defendant. | : | FILED UNDER SEAL   FILED 8/23/05 |
| | : | AUG 2 3 2005 |
| | | NANCY MAYER WHITTINGTON, CLERK |

**PROFFER OF EVIDENCE IN SUPPORT OF DEFENDANT'S ENTRY OF PLEA**

I.   SYNOPSIS OF THE PLEA AGREEMENT

1.   Defendant Greta Frank agrees to admit guilt and enter her plea of guilty to a one count superseding criminal information which charges her with Conspiracy to Distribute and Possess With Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 846. Defendant Frank understands that pursuant to 21 U.S.C. Section 841(a)(1), 21 U.S.C. Section 841(b)(1)(A), and 21 U.S.C. Section 846, that Count One carries a penalty of a term of imprisonment of not less than 10 years or more than life, a fine of not more than $4,000,000.00, or both, including a period of supervised release for 5 years. In addition, defendant Frank agrees to pay a special assessment of $100.00 for her felony conviction to the United States District Court for the District of Columbia prior to the date of sentencing or as directed by a Judge of the District Court. She further understands that the United States Sentencing Guidelines Manual ("Sentencing Guidelines") will apply to determine her guideline range, and that pursuant to Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

2. Defendant Frank agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, she is accountable for at least 1.0 kilogram of cocaine, which quantity represents the total amount involved in her relevant criminal conduct, including amounts she distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators of hers, pursuant to jointly undertaken criminal activity that was reasonably foreseeable by her and within the scope of her conspiratorial agreement.

3. Defendant Frank acknowledges and agrees that she committed the acts in each count of the initial Indictment (Criminal Number 04-379) naming or involving her, and all the overt acts naming her which is included in the indictment for the charged conspiracy in which she is pleading guilty. Defendant Frank also agrees that all the factual background concerning all overt acts naming her within the charged original Indictment constitute relevant conduct for purposes of determining her sentencing guidelines pursuant to Section 1B1.3 of the U.S.S.G.

II. THE ELEMENTS OF THE OFFENSE

4. The essential elements of the offense of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 United States Code, § 846, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) that an agreement existed between two or more persons to commit the crimes of distribution and possession with intent to distribute controlled substances;

(2) that the defendant intentionally joined in that illegal agreement.[1]

---

[1] See United States v. Lam Kwong Wah, 924 F.2d 298, 302-303 (D.C. Cir. 1991); United States v. Pumphrey, 831 F.2d 307, 308-309 (D.C. Cir. 1987). These cases hold that the offense of violating 21 U.S.C. § 846 by conspiring to violate federal narcotics laws does not include an

5. The essential elements of the underlying offense of Distribution of cocaine, in violation of 21 United States Code, § 841(a)(1), each of which the Government must prove beyond a reasonable doubt, are:

(1) That the defendant distributed a controlled substance. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

(2) That the defendant distributed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

6. The essential elements of the underlying offense of Possession With Intent to Distribute cocaine, in violation of 21 United States Code, § 841(a)(1), each of which the Government must prove beyond a reasonable doubt, are:

(1) That the defendant possessed a controlled substance;

(2) That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

(3) That when the defendant possessed the controlled substance, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person.

III. BRIEF STATEMENT OF THE FACTS

7. The following statement of facts does not purport to include all the defendant's illegal conduct during the course of her conspiracy. Nor does it purport to be an inclusive recitation of all that the defendant heard, knew, or witnessed concerning the illegal

---

element of commission of an overt act in furtherance of the conspiracy.

activities of himself or those of her coconspirators. It represents enough information for the Court to find a factual basis for accepting the defendant's guilty plea.

8. Defendant Frank met co-defendant Timothy R. Thomas around the year 1998. He was an acquaintance of her husband, who is incarcerated in a federal prison. Defendant Frank also knows co-defendant Frederick ("Toby") Miller because he was a co-defendant of her husband in a murder trial. Since around sometime in 2001, defendant Frank took possession of co-defendant Thomas's briefcase, which she also stored in her apartment in Maryland. During the time of the charged conspiracy, co-defendant Thomas had access to Frank's apartment until she needed to change the key to her front door. At one time, Timothy Thomas introduced Frank to Tyrone Thomas, a courier for the organization. She recalled that Tyrone Thomas's wife also had the first name, Greta.

9. In March 2004, Timothy Thomas and Frederick Miller enlisted Tyrone Thomas to transport 5 kilograms of cocaine that Gerald Eiland planned to purchase in Arizona. Eiland, Miller, and Thomas were unaware that law enforcement were intercepting communication of Miller's cellular telephone pursuant to court-authorization. During the monitoring, agents arrested Tyrone Thomas while he was traveling between Arizona and the Washington, D.C. area. Agents seized from Thomas more than four kilograms of cocaine. It was clear from the monitoring of the phone conversations on Miller's phone that the conspirators were unsure if Tyrone Thomas got arrested, lost or stole the cocaine.

10. Tyrone Thomas subsequently started cooperating with law enforcement. During that cooperation, he consented to making several phone calls to his former conspirators, including Timothy Thomas. Thomas further agreed to assist law enforcement with an undercover

4

operation targeted at Timothy Thomas. Agents planned to have Tyrone Thomas offer one kilogram, having him explain to Timothy Thomas that he stole the organization's cocaine. They agreed to have Tyrone Thomas leave the cocaine for Timothy Thomas in a hotel room in the Washington, D.C. area.

11. On May 19, 2004, Thomas enlisted Frank to pick up a package that later would be determined to be approximately one kilogram of cocaine powder in the Hampton Inn, located in Alexandria, Virginia. Frank agreed to have Thomas ~~pick her up and~~ drive her to the hotel so she could retrieve the package. Before Frank entered the hotel, Thomas gave Frank explicit instructions on where to find a hidden room card-key. After Frank found the card-key under an ash tray/planter, Thomas instructed her to go to Room 628. Thomas further instructed Frank to find the package inside one of the dresser drawers. Before Frank left the car, Thomas explained to Frank not to touch the package. To avoid leaving any fingerprints, Frank used a piece of tissue paper to pick up the package, which was wrapped in a white plastic bag. She placed the bag containing the cocaine in a bag she carried from the car. In fact, Thomas instructed Frank to remove her personal items from her bag prior to departing from the car so she could fit the package into the bag. Frank never delivered the package to Thomas as he instructed, because law enforcement agents, who were monitoring Frank's movements inside the room, arrested her when she left the room with the cocaine.

12. Thomas later spoke to Frank, and acknowledged his culpability. During the conversation, he promised that he would turn himself in to the authorities, and expected to spend the rest of his life in prison for his role in the May 19, 2004 offense.

13. Frank was originally charged on May 19, 2004 in the District Court for the

Eastern District of Virginia. Following her release on that charge, she returned to her home. Shortly after her return, she retrieved Timothy Thomas's briefcase that he had stored in her residence. She the left her residence and discarded the briefcase.

The Government submits that had there been a trial in this matter, the Government would have proven each of the facts as outlined above, beyond and to the exclusion of every reasonable doubt, and further that the facts satisfy each of the essential elements of the charge to which the defendant is entering her plea.

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney

_____
JULIUS ROTHSTEIN
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4241
Washington, D.C. 20530
(202) 514-7068

### DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer. I fully understand it and while it is not a complete recitation of all that I did or all that I know, it represents some of my conduct and some of my knowledge concerning my own involvement in illegal activity as well as the activities of some of my co-conspirators. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 8/23/05           _____
                        GRETA FRANK