# EXHIBIT ONE
# 05-00309-01

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    .   DOCKET NUMBER:  CR 05-309
                            .
        vs.                 .   Washington, D.C.
                            .   AUGUST 22, 2005
GRETA R. FRANK              .   9:45
                            .
        Defendant.          :   Sealed
. . . . . . . . . . . . . . .

TRANSCRIPT OF PLEA TO INFORMATION
BEFORE THE HONORABLE ROYCE C. LAMBERTH
A UNITED STATES DISTRICT JUDGE

**FILED**

APPEARANCES:

MAY - 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FOR THE GOVERNMENT:     JULIUS ROTHSTEIN, ESQUIRE

FOR THE DEFENDANT:      THOMAS HESLEP, ESQUIRE

THE COURT REPORTER:     SUSAN PAGE TYNER, CVR-CM
                        Official Court Reporter
                        United States District Court
                        333 Constitution Avenue, N.W.
                        Room 6429
                        Washington, D.C.  20001
                        (202) 371-2230
                        susantyner@verizon.net

    Computer aided transcript prepared with the aid of
SpeechCAT.

Exhibits

SUSAN PAGE TYNER, CVR-CM
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| V. | * | Criminal No. 05-309 (RCL) |
| | * | SEALED |
| GRETA FRANK, | * | |
| Defendant. | | |



FILED
JUN 26 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

This matter comes before the Court on unopposed oral motion of counsel for the defendant seeking to unseal the proceedings of August 23, 2006, for the limited purpose of allowing the Official Court Reporter to transcribe the proceedings and provide copies of the transcript to counsel for the defendant, G. Allen Dale, and, if requested, counsel for the United States.

Based upon the representations of counsel, the Court grants the request and hereby orders the Court Reporter to transcribe the proceedings of August 23, 2006 and provide the same to counsel for the parties.

So Ordered!

6/22/06  Royce C. Lamberth
United States District Judge



2

```
 1                    P R O C E E D I N G S
 2           THE COURTROOM CLERK:  The matter of United States
 3   versus Greta Frank, criminal case 2005 number 309.  For the
 4   United States Mr. Rothstein and Ms. Jackson.  For the
 5   defendant Mr. Heslep.
 6           THE COURT:  Ms. Frank, if you would come forward,
 7   please.  I have to ask you a series of questions to make
 8   sure you fully understand your rights and that you are doing
 9   this voluntarily.
10           So first I will ask the clerk to place you under
11   oath.
12           THE COURTROOM CLERK:  Raise your right hand.
13       (The defendant complied.)
14           THE COURTROOM CLERK:  Do you swear the answers you
15   give the court will be the truth to the best of your
16   knowledge and belief?
17           THE DEFENDANT:  Yes.
18           THE COURT:  Your answers to my questions are
19   subject to the penalty of perjury and making a false
20   statement if you don't answer my questions truthfully.
21           Do you understand that?
22           THE DEFENDANT:  Yes.
23           THE COURT:  Does counsel for either side have any
24   questions as to defendant's competency to enter this plea at
25   this time?
```

3

```
1              MS. JACKSON:  No, Your Honor.
2              MR. ROTHSTEIN:  No, Your Honor.
3              THE COURT:  I find that the defendant is
4    competent.
5              Have you had an adequate time and opportunity now,
6    Ms. Frank, to discuss your plea with Mr. Heslep, your
7    attorney?
8              THE DEFENDANT:  Yes.
9              THE COURT:  Are you satisfied with Mr. Heslep's
10   representation of you in this matter?
11             THE DEFENDANT:  Yes.
12             THE COURT:  Do you understand under the
13   Constitution and laws of the United States you are entitled
14   to a trial by jury on these charges.
15             THE DEFENDANT:  Yes.
16             THE COURT:  Do you understand if there were a
17   trial you would be presumed to be innocent, and the
18   government would be required to prove you guilty by
19   competent evidence beyond a reasonable doubt before you
20   could be found guilty?
21             THE DEFENDANT:  Yes.
22             THE COURT:  Do you understand if there were a
23   trial you would be presumed to be innocent, and the
24   government would be required to prove you guilty by
25   competent evidence beyond a reasonable doubt before you
```

4

1  could be found guilty?
2         Do you understand that?
3         THE DEFENDANT:  Um-hum.
4         THE COURT:  You have to say yes or no.
5         THE DEFENDANT:  Yes.
6         THE COURT:  Okay.  Do you understand that if there
7  were a trial that witnesses for the government would have to
8  come in to court and testify in your presence, and your
9  attorney could cross examine those witnesses, could object
10 to evidence offered by the prosecutor, and could offer
11 evidence on your own behalf?
12        THE DEFENDANT:  Yes, sir.
13        THE COURT:  Do you understand that you would have
14 the right to testify at your trial, but that you would also
15 have the right not to testify, and no inference or
16 suggestion of guilt could be drawn from the fact that you
17 did not testify?
18        THE DEFENDANT:  Yes, sir.
19        THE COURT:  Do you understand that if I accept
20 your plea you waive these rights, and there will be no
21 trial, and I will enter a judgment of guilty on your plea
22 alone today?
23        THE DEFENDANT:  Yes, sir.
24        THE COURT:  If you plead guilty do you understand
25 that you will also waive your right not to incriminate

5

1  yourself since you must acknowledge that you are guilty
2  before I accept your plea?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  Having discussed your rights with you,
5  do you still wish to plead guilty?
6           THE DEFENDANT:  Yes, sir.
7           THE COURT:  Do you have a copy of the information
8  there in front of you?
9           MR. HESLEP:  Yes.
10          THE COURT:  If you would go over that with me, Ms.
11 Frank.  This is the charge you would actually be pleading
12 guilty to.
13          It says:
14          "That on or about at least 2000,
15          the exact date being unknown to
16          the United States, and continuing
17          thereafter up to and including
18          July of 2004, in the District of
19          Columbia, the State of Maryland,
20          the Commonwealth of Virginia and
21          elsewhere you did knowingly and
22          intentionally combine, conspire,
23          confederate and agree with
24          persons both known and unknown to
25          the United States to unlawfully,

6

```
 1              knowingly and intentionally
 2              distribute and possess with
 3              intent to distribute mixtures
 4              and substances containing a
 5              detectable amount of cocaine,
 6              a scheduled two narcotic drug
 7              controlled substance, and the
 8              amount of said mixture and
 9              substance is five kilograms or
10              more."
11         So that is the charge you would actually be
12 pleading guilty to.
13         Do you understand?
14         THE DEFENDANT:  Yes, I understand, but I'm just
15 still not clear about the whole charge.
16         THE COURT:  Okay.
17         MR. HESLEP:  This is the first time she's seen
18 this document.  Although the plea agreement makes it clear
19 that she is responsible and that her participation had to do
20 with one kilogram, and it is explained in the plea agreement
21 that the co-conspirators are responsible for the five
22 kilograms.
23         THE COURT:  Right.
24         MR. HESLEP:  She does not have knowledge -- actual
25 knowledge of that.
```

7

   1         We accept that from the United States that they
   2  were co-responsible, but actually the stark language of this
   3  count has taken her back, and she did not see it before
   4  today.
   5         THE COURT:  Right.
   6         MR. HESLEP:  So I think that is what she is
   7  talking about.
   8         THE COURT:  Does the plea agreement indicate
   9  what -- what does it say about her knowledge of the one
  10  kilogram?
  11         MR. HESLEP:  In paragraph two it says:
  12         "Pursuant to sections 1(b)1.3 and
  13         6(b)1.4 of the Sentencing Guidelines,
  14         your client and the government will
  15         stipulate that she is accountable
  16         for one kilogram."
  17         THE COURT:  Accountable for one kilogram.
  18         MR. HESLEP:  Right.
  19         THE COURT:  Okay.  So the charge is under a
  20  conspiracy charge each conspirator is responsible for what
  21  other people in the conspiracy did.  That is the way
  22  conspiracy charges work, so that is why the charge reads
  23  this way about conspiracy to distribute and possess with
  24  intent to distribute five kilograms or more.
  25         That is the actual charge to which you would be

8

1  pleading, but the government has stipulated in the plea
2  agreement that they will only hold you accountable for one
3  kilogram.
4          Do you understand that?
5          THE DEFENDANT: Yes, sir.
6          THE COURT: Okay. Any questions at all about it?
7  Because I am the one that can resolve them.
8          THE DEFENDANT: I just -- the way that it is
9  written here and the way that I understand it, you know,
10 these folks were all over the place, and I did not -- I did
11 not know anything or do anything intentionally knowing. So
12 that is just the way --
13         THE COURT: As to the others?
14         THE DEFENDANT: Right. I didn't know anything
15 about what they were doing.
16         THE COURT: But when I get to the statement of
17 facts about what you did, you do admit that you did
18 participate in that one kilogram?
19         THE DEFENDANT: Right.
20         THE COURT: Okay. That is fine.
21         Now I also need to talk to you about what the
22 maximum penalty would be under your plea. Counsel advised
23 me that a term of imprisonment of not less than 10 years or
24 more than life, a fine of up to $4 million, a term of
25 supervised release of at least five years, and a special

```
 1  assessment of $100 are the maximum penalties that could be
 2  imposed here.
 3          Do you understand that?
 4          THE DEFENDANT:  Yes, sir.
 5          THE COURT:  And then you and Mr. Heslep have
 6  talked, I take it, about the Sentencing Commission
 7  Guidelines and how they might apply to you.
 8          Is that right?
 9          THE DEFENDANT:  Yes.
10          THE COURT:  And do you understand that I will not
11  actually make a guideline determination as to what the
12  guidelines are until after I get a presentence report and
13  you and the government have had an opportunity to challenge
14  the facts that are reported to me?
15          THE DEFENDANT:  Okay.
16          THE COURT:  And you understand after it is
17  determined what the guideline is in the case I have
18  authority in some circumstances to impose a sentence that is
19  more severe or less severe than the sentence called for by
20  the guidelines?
21          THE DEFENDANT:  Yes, sir.
22          THE COURT:  And you understand under some
23  circumstances you or the government might have the right to
24  appeal whatever sentence I impose?
25          THE DEFENDANT:  Yes, sir.
```

10

1          THE COURT: And has anyone threatened you or
2    anyone else or forced you in any way to enter this plea of
3    guilty?
4          THE DEFENDANT: No, sir.
5          THE COURT: Let me hand down this plea agreement
6    to you.
7          Look on the last page and tell me if that is your
8    signature?
9          THE DEFENDANT: Yes, sir.
10         THE COURT: Mr. Heslep, would you give us a brief
11   description of the agreement so I can be sure the defendant
12   understands it?
13         MR. HESLEP: Right, Your Honor.
14         The agreement calls for her to plead guilty to the
15   information that we have discussed already, and the
16   government will not proceed with the indictment as is
17   indicated.
18         There is a provision for cooperation in the plea
19   agreement, which has been thoroughly discussed, and it seems
20   to me based upon estimates that the guideline range would be
21   the 10 year mandatory in this case, and we have discussed
22   how in the agreement there is a provision whereby the
23   government might permit the court, by filing a motion, to
24   depart from both the guideline amount and the statutory
25   mandatory minimum.

11

1          That is basically the agreement, Your Honor.
2  There is really only one -- while there are other
3  interactions that Ms. Frank has had with these people, there
4  is really only day where she is culpable for criminal
5  conduct, and that is what we will discuss here today.
6          So that is basically the outline.
7          THE COURT:  Ms. Frank, do you understand all of
8  that?
9          THE DEFENDANT:  Yes.
10         THE COURT:  And do you have any questions about
11 it?
12         THE DEFENDANT:  Not at the moment.
13         THE COURT:  Do you agree to it?
14         THE DEFENDANT:  (Nodding head.)
15         THE COURT:  Is that say yes?
16         MR. ROTHSTEIN:  Yes.
17         THE COURT:  Okay.  Has anyone made any prediction
18 or promises as to what sentence I will actually give you in
19 this case?
20         THE DEFENDANT:  No, sir.
21         THE COURT:  You know they cannot, because I do not
22 know myself right now.  I will get a presentence report.  I
23 will hear from you, and your attorney, and from the
24 government at the time of sentencing.
25         Do you understand that?

12

1   THE DEFENDANT: Yes, sir.

2   THE COURT: Now I was also handed up this proffer
3   of evidence in support of the plea of guilty, and if you
4   would look on the last page of that and tell me if that is
5   your signature there.

6   THE DEFENDANT: Yes, sir.

7   THE COURT: Did you read that one over very
8   carefully.

9   THE DEFENDANT: Yes, I did.

10  THE COURT: Is that what really happened?

11  THE DEFENDANT: It was one --

12  MR. HESLEP: We corrected it.

13  THE DEFENDANT: Oh, you did? I didn't --

14  MR. HESLEP: I will show her, Your Honor.

15  THE COURT: Let me hand her back the original,
16  because this is what we will go from.

17      (Whereupon, counsel conferred with the defendant.)

18  MR. HESLEP: All right, there is a correction.

19  THE COURT: What was the correction?

20  MR. HESLEP: The correction was the way it was
21  written -- it is on page five, and it is initialed by me and
22  Mr. Rothstein, but Mr. Thomas did not pick up Ms. Frank.
23  They met at a place, and Mr. Thomas drove her to the hotel
24  in her car actually.

25      So in order to make it sound -- in order to keep

13

```
 1  it from sounding as if he picked her up in his car or
 2  something like that, we crossed out those words.
 3          THE COURT:  Is that right?
 4          THE DEFENDANT:  Yes, sir.
 5          THE COURT:  With that change then, is this what
 6  really happened, what is in this document?
 7          THE DEFENDANT:  Yes.
 8          THE COURT:  So you agree that you are, in fact,
 9  guilty of this offense?
10          THE DEFENDANT:  Yes, sir.
11          THE COURT:  All right.  Ms. Frank, since you
12  acknowledged that you are guilty as charged, since you know
13  your right to trial, since you know what the maximum
14  possible punishment is since I've discussed the sentencing
15  guidelines with you, and since I hereby find you are
16  voluntarily pleading guilty I accept your guilty plea and I
17  enter a judgment of guilty on your plea to the information
18  in this case.
19          You can be seated.
20          I take it the government wants to take to keep the
21  sentencing date open for cooperation and come back in 90
22  days?
23          MR. ROTHSTEIN:  Yes.
24          THE COURT:  How does December 9th at 9:30 look?
25          MR. ROTHSTEIN:  9:30?
```

14

```
 1        THE COURT:  Right.
 2        MR. ROTHSTEIN:  That is fine.
 3        THE COURT:  Anything else we need to do today?
 4        MR. ROTHSTEIN:  Not for the United States.
 5        MR. HESLEP:  No, Your Honor.
 6        THE COURT:  Thank you very much.  I will see you
 7   in December.
 8        MR. HESLEP:  Is that for a status the December 9th
 9   date?
10        THE COURT:  Yes.
11        You look good today, Ms. Frank.
12        THE DEFENDANT:  Thank you.
13      (Whereupon, the proceedings were adjourned.)
14                         - - - - -
15              CERTIFICATE OF COURT REPORTER
16     I certify that the foregoing is a correct transcript of
17   the proceedings in the above-captioned case.
18
19
20             SUSAN PAGE TYNER, CVR-CM
21             OFFICIAL COURT REPORTER
22
23
24
25
```

SUSAN PAGE TYNER, CVR-CM
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA